(No. 5228 ▮▮▮▮▮▮▮▮▮▮

MILDRED DAVIS, Administrator of the Estate of ROBERT M. DAVIS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

SCOTT AND SEBO, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Mildred Davis as Administrator of the Estate of Robert M. Davis, deceased, seeks reimbursement for salary for the decedent for the period of his illegal suspension and illegal discharge from his employment as a Financial Institution Examiner I in the Department of Financial Institutions of the State of Illinois for the period of February 1, 1962 to and including June 30, 1963.

A complaint was duly filed by the said Administrator in the Court of Claims, and respondent has filed no responsive pleadings thereto. A stipulation by and between claimant, as Administrator, and the Attorney General was entered into, which provides as follows:

"It is hereby stipulated and agreed by and between claimant, Mildred Davis, Administrator of the Estate of Robert M. Davis, deceased, her attorneys, Scott and Sebo, and respondent, State of Illinois, by William G. Clark, its Attorney General, that the complaint filed herein and the report of the Department of Financial Institutions signed by Joseph E. Knight, Director, which has been filed in this cause pursuant to Rule 14, shall constitute the record in this case.

"It is further stipulated and agreed that this claim arises out of the claim for wages by the claimant's deceased, Robert M. Davis, as an employee of the Department of Financial Institutions, Cemetery Care Division, State of Illinois, covering the period of February 1, 1962, to and including the 30th day of June, 1963, totaling $8,135.00, as set out in said complaint. That during said period of time the claimant's deceased earned the sum of $1,106.67, which amount he would not have earned had he been employed by the Department of Financial Institutions in the aforesaid capacity, and that the amount so received constitutes a set-off against said claim. That attached to this stipulation and made a part hereof are copies of the income tax returns of claimant's deceased, Robert M. Davis, for the years of 1962 and 1963. That during the year of 1962 he earned a total of $712.50, all of which was earned during the months of December, 1961 and January, 1962 while employed by the Department of Financial Institutions, as is established by the memorandum from the said Department, marked exhibit A and attached hereto, and made a part hereof. That the amount of $712.50 is not a part of this claim. That during the year of 1963, from January 1, 1963, to June 30, 1963, claimant earned the sum of $1,106.67, as is shown by exhibit 2c, attached hereto and made a part hereof. That claimant's deceased's income tax return, a copy of which is attached hereto, marked exhibit 2 and made a part hereof, shows his earnings and the earnings for the entire year of 1963, and the earnings of his wife, Mildred Davis, as shown by exhibits 2a and 2b; that claimant's deceased had made every reasonable effort to mitigate damages.

"That the sum of $1,106.67 is the amount stipulated herein as a set-off against the claim of the Estate of Robert M. Davis, deceased, claimant herein. That claimant is entitled to receive the sum of $7,028.33 from respondent, State of Illinois. That said sum has not yet been paid by the Department of Financial Institutions solely because of a lapse of available appropriations, said appropriations having lapsed as of July 1, 1963."

From the facts set forth in the stipulation it appears that the decedent made every reasonable effort to mitigate the damages caused by his illegal discharge. The appropriation for such services rendered prior to June 30, 1963 lapsed.

The Court of Claims has expressed itself thoroughly on this point in the case of *Schneider vs. State of Illinois,* 22 C.C.R. 453, as well as in the cases of *Secaur vs. State of Illi-*

*nois,* 21 C.C.R. 364, and *Poynter* vs. *State of Illinois,* 21 C.C.R. 393.

Claimant is, therefore, hereby awarded the sum of $7,028.33.